[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12271
Non-Argument Calendar
_____

D.C. Docket Nos. 4:11-cv-00411-RH-CAS; 4:09-cr-00026-RH-CAS-1

VINCENT VIDAL MITCHELL,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(May 8, 2015)

Before HULL, JORDAN, and JILL PRYOR, Circuit Judges.

PER CURIAM:

Vincent Mitchell, a federal prisoner, pro se appeals the denial of his 28 U.S.C. § 2255 motion to vacate challenging his convictions and sentence.

## I. BACKGROUND

### A. Conviction and Sentence

On July 24, 2009, Mitchell pled guilty to: (1) distributing more than five grams of a mixture and substance containing cocaine base, 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(iii), and 841(b)(1)(C); (2) being a convicted felon in possession of a firearm, 18 U.S.C. §§ 922(g) and 924(e); and (3) possessing a firearm in connection with drug trafficking, id. § 924(c)(1)(A)(i).  On April 15, 2010, the district court sentenced Mitchell to a total of 240 months' imprisonment.

On direct appeal, Mitchell's counsel filed a brief pursuant to Anders v. California, 386 U.S. 738, 87 S. Ct. 1396 (1967).  This Court's review revealed no arguable issues of merit, and thus this Court granted counsel's motion to withdraw and affirmed Mitchell's convictions and sentence.  United States v. Mitchell, 406 F. App'x 453 (11th Cir. 2010).

### B. Present § 2255 Motion to Vacate

On August 17, 2011, Mitchell pro se filed the present § 2255 motion to vacate.  Mitchell enumerated several grounds on which he claimed he was being held in violation of the Constitution or federal laws, most of which related to Mitchell's health at the time he agreed to the plea.  Mitchell suffered from kidney

2

failure and alleges that his sickness, in combination with extensive medication, undermined his ability to work with, and understand, his counsel.

Among the allegations, Mitchell claimed that his counsel was ineffective for failing to challenge the drug quantity amount. Specifically, Mitchell alleged that he would not have pleaded guilty to a larger drug quantity than he actually possessed but for: (1) his medicated state, and (2) counsel's advice that "there was a new law coming out that would free [him] from the access charges." Mitchell attached a two-page conclusion to his § 2255 form. In this conclusion, he reiterated that his "[c]ounsel advised that based on the new laws Petitioner would not serve much time[,] so [counsel] insisted that I accept the plea."

Separately, on August 29, 2012, Mitchell filed a supplement to his § 2255 motion to vacate. Within this supplement, Mitchell wrote: "[m]ovant preserves his issue pending the Supreme Court's consideration of Abbott v. United States . . . ."[1]

Mitchell's § 2255 motion was assigned to a magistrate judge. On April 8, 2014, the magistrate judge issued a report and recommendation ("R&R") that recommended denying the § 2255 motion on the merits. The R&R did not address Mitchell's claim that his decision to plead guilty was based on counsel's advice that he would not serve "much time" based on "new laws." Nor did the R&R

---

[1] 562 U.S. 8, 131 S. Ct. 18 (2010). In Abbott, the Supreme Court ultimately held that a sentence for possessing a firearm in furtherance of a drug-trafficking crime must be served consecutively to the sentences for separate counts of conviction. Id. at 13, 131 S. Ct. at 23.

3

address whether the Supreme Court's decision in Abbott impacted Mitchell's

§ 2255 motion.  Further, the magistrate judge recommended denying Mitchell a

certificate of appealability ("COA").

Mitchell raised objections to the R&R, but did not specifically argue that the

magistrate judge failed to address his ineffective-assistance claim based on the

advice that, under new laws, Mitchell would not serve much time.

On May 9, 2014, the district court adopted the R&R (with the exception of

one portion not relevant to this appeal) and denied Mitchell's § 2255 motion.  The

district court also denied Mitchell's application for a COA and motion for leave to

proceed on appeal in forma pauperis ("IFP").

Mitchell timely appealed the denial of his § 2255 motion.  He then filed

motions to proceed IFP and for a COA with this Court.

## C.    Certificate of Appealability

On November 3, 2014, a judge of this Court granted a COA on the following

issue:

> Whether the district court's failure to address Mitchell's
> claim, that his trial attorney provided ineffective
> assistance of counsel by advising him to plead guilty
> because he would have his sentence retroactively reduced
> pursuant to the Fair Sentencing Act of 2010, Pub. L. No.
> 111-220, 124 Stat. 2372, or a pending U.S. Supreme
> Court case related to the application of 18 U.S.C.
> § 924(c)(1)(A)(i), violated this Court's holding in Clisby
> v. Jones, 960 F.2d 925, 938 (11th Cir. 1992) (en banc).

4

## II.  DISCUSSION

### A.     The Clisby Rule

The Clisby rule in our Circuit requires district courts to resolve all claims for

relief raised in habeas proceedings, regardless of whether that relief is granted or

denied.  Clisby, 960 F.2d at 935-36 (involving a 28 U.S.C. § 2254 petition filed by

a state prisoner); see Rhode v. United States, 583 F.3d 1289, 1291 (11th Cir. 2009)

(holding that Clisby applies to § 2255 proceedings).[2]  When a district court does

not address all of the claims presented in a motion to vacate, we "will vacate the

district court's judgment without prejudice and remand the case for consideration

of all remaining claims."  Clisby, 960 F.2d at 938.

A "claim for relief" is defined as "any allegation of a constitutional

violation."  Id. at 936.  Ineffective assistance of counsel constitutes a violation of a

defendant's Sixth Amendment rights, and is thus a claim of a constitutional

violation.  See Strickland v. Washington, 466 U.S. 668, 684-86, 104 S. Ct. 2052,

2063-64 (1984).

An unresolved claim constitutes a Clisby error regardless of the reason the

claim was not resolved.  Puiatti v. McNeil, 626 F.3d 1283, 1307 (11th Cir. 2010).

But a claim must be raised in a way that the district court cannot misunderstand it

---

[2]We review only the issues specified in the COA.  Murray v. United States, 145 F.3d 1249, 1250-51 (11th Cir. 1998).  Pro se pleadings are held to a less stringent standard than pleadings drafted by attorneys, and thus we construe Mitchell's pleadings liberally.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

in order for the district court to resolve it.  Smith v. Sec'y, Dep't of Corrs., 572 F.3d 1327, 1352 (11th Cir. 2009).  In Smith, this Court held that a petitioner failed to fairly present a legal argument to the district court when that argument was mentioned in only one sentence of a 116-page habeas petition, without citing any authority, and was not mentioned in a 123-page supporting memorandum of law. Id.  In Dupree v. Warden, 715 F.3d 1295, 1299 (11th Cir. 2013), however, this Court held that "two sentences found in the middle of a fifteen-page memorandum attached to [a § 2254] petition" sufficiently raised an ineffective-assistance-of-counsel claim.  Because the district court did not resolve the claim, this Court vacated and remanded as a violation of the Clisby rule.  Id.

After reviewing the record here, we conclude that Mitchell adequately presented the ineffective-assistance-of-counsel claim contained in the COA.  On his § 2255 form, he twice claimed that counsel advised him that he would not serve "much time" based on "new laws."  Mitchell's § 2255 motion was not lengthy, consisting of four short paragraphs within the form's pages and a two-page typed conclusion.  Within these pages, he made the "new laws" claim twice and, whatever its merit, Mitchell raised the claim in a way that the district court could understand it.  So, too, with his clear mention of the potential pending effect of Abbott v. United States.  Mitchell's petition is far closer to the one at issue in

6

Dupree than the one at issue in Smith.  See Dupree, 715 F.3d at 1299; Smith, 572 F.3d at 1352.

Because the district court failed to address his claim that counsel was ineffective for advising him to plead guilty based on new laws that would reduce the amount of time Mitchell may serve, it violated Clisby.  Clisby, 960 F.2d at 935-36.

## B.    Failure to Object

Before concluding, we address one additional point on which Dupree is instructive.  In Dupree, as in this case, before the district court denied the motion to vacate, "[t]he magistrate judge did not address the claim, and [petitioner] did not object to the magistrate judge's failure to address the claim."  715 F.3d at 1299.  At that time, a habeas petitioner's failure to object to a magistrate judge's failure to address legal issues did not foreclose a party's ability to seek de novo review on appeal.  Id. at 1299-1300.

In Dupree, however, this Court proposed that our Circuit "adopt a rule for civil cases that attaches consequences to the failure to object to either factual findings or legal conclusions in a magistrate judge's report and recommendation."  Id. at 1305.  Accordingly, this Court adopted a new rule, which took effect on December 1, 2014, stating:

> A party failing to object to a magistrate judge's findings or recommendations contained in a report and

7

recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice.

11th Cir. R. 3-1. Additionally, our procedural rules require that the notice given to the parties of the consequences of failing to object to a magistrate judge's factual and legal conclusions should accompany the R&R. 11th Cir. R. 3-1, IOP 3.

Under our current rule, Mitchell would have waived his current objection to the district court's final order, and we would not need to address the Clisby error. 11th Cir. R. 3-1. But this R&R was issued in April 2014, well before the adoption of the new rule, and Mitchell was not given notice that he needed to object to legal issues in the R&R in order to preserve those issues on appeal. Thus, Mitchell's failure to object on the specific grounds covered by the COA here does not foreclose his ability to seek de novo review. See Dupree, 715 F.3d at 1299-1300.

## III.  CONCLUSION

Upon careful review of the parties' briefs and the record on appeal, we vacate the denial of Mitchell's § 2255 motion and remand this case to the district court to address Mitchell's ineffective-assistance-of-counsel claim.

**VACATED AND REMANDED.**